**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO EVARISTO PEREZ, | No. 21-15234 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-07238-EJD |
| v. | |
| LINKEDIN CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Alejandro Evaristo Perez appeals pro se from the district court's judgment

dismissing his action alleging First Amendment and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to

state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v.*

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We affirm.

The district court properly dismissed Perez's action because Perez failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Prager U. v. Google LLC*, 951 F.3d 991, 996-97 (9th Cir. 2020) (internet media websites are not government actors under the First Amendment); *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of claim for intentional infliction of emotional distress); *Kibler v. N. Inyo County Loc. Hosp. Dist.*, 138 P.3d 193, 198 (Cal. 2006) (California's Anti-SLAPP statute does not provide a separate cause of action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**